

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | UNDER SEAL |
| | ) | |
| v. | ) | No. 2:19CR 53 |
| | ) | |
| RICHARD YAW DORPE, a/k/a "Jerry Linus," or "Jerry Nils", | ) ) ) | 18 U.S.C. § 1343 Wire Fraud (Counts 1-19) |
| Defendant. | ) ) ) ) ) | 18 U.S.C. § 1341 Mail Fraud (Counts 20-21) |
| | ) ) ) | 18 U.S.C. § 981(a)(1)(C) Forfeiture |

April 2019 Term – at Norfolk, Virginia

## INDICTMENT

THE GRAND JURY CHARGES THAT:

Unless otherwise specified, at all times relevant to this Indictment:

### GENERAL ALLEGATIONS

1.	Victim E.F. maintained a residence in Chesapeake, Virginia, within the Eastern District of Virginia.

2.	Richard Yaw DORPE is a thirty-six year-old, African male who lives in the country of Ghana.

3.	Beginning on a date unknown, but believed to be in or about August 2016, and continuing through the present day, in the Eastern District of Virginia and elsewhere, the defendant, RICHARD YAW DORPE, devised, and intended to devise, a scheme and artifice to defraud and fraudulently obtain money and property by means of materially false and fraudulent

pretenses, representations, and promises from E.F., and others known and unknown to the grand jury.

## PURPOSE OF THE SCHEME

4.  The purpose of DORPE's scheme and artifice to defraud was for the defendant to obtain money and property to which he was not entitled by leveraging a romantic relationship with E.F.

## MANNER AND MEANS

5.  The manner and means by which DORPE carried out the scheme and artifice to defraud included, but were not limited to, the following:

6.  In or about August or September 2016, E.F. created an account on Ourtime, an online dating website providing single individuals over the age of fifty a platform to meet and develop romantic relationships. E.F. could search locally and regionally for potential matches. E.F. connected with DORPE beginning on a date unknown, but at least by the beginning of October 2016.

7.  DORPE falsely portrayed himself as "Jerry Linus," or "Jerry Nils" on Ourtime. On his Ourtime profile, DORPE listed his hometown as Virginia Beach. DORPE told E.F. that he was born in Norway, but that he moved to Virginia Beach for a fresh start following the death of his wife. In truth and fact, this was not true.

8.  DORPE and E.F. began communicating with each other via telephone calls, text messages and emails using communication platforms such as Google Hangouts and WhatsApp. DORPE called E.F. using an area code that E.F. recognized as originating from Northern

2

Virginia. In truth and in fact, this was not true; DORPE was calling E.F. from a location outside of the United States.

9. DORPE portrayed himself as a jeweler, telling E.F. that his recently-deceased wife had also worked in the family's jewelry business. In truth and in fact, this was not true.

10. From his Ourtime profile and subsequent conversations with E.F., DORPE led her to believe that he was a fifty-seven year-old, balding, Caucasian male. In truth and in fact, this was not true.

11. DORPE and E.F.'s online communications quickly turned romantic and they began an online, long-distance relationship, sending romantic messages to each other daily.

12. In mid-October 2016, DORPE told E.F. that his laptop broke and that the malfunctioning computer prevented him from purchasing gold for his business. In truth and in fact, this was not true.

13. On or about October 17, 2016, E.F. spent approximately $2,947.42 and purchased:

    a. a 15-inch MacBook Pro for $1,999.99

    b. a 64 GB Ultra USB 3.0 Flash Drive for $59.99

    c. an Apple Watch for $299.00

    d. a Belkin Apple Watch Screenforce for $24.99

    e. Applecare for Apple Watch for $49.00

    f. Applecare for 15-inch Macbook Pro for $349.00

14. On or about October 17, 2016, E.F. sent the aforementioned items via FedEx International Priority Mail, to an individual named "Richard Yaw DORPE" at the address he provided in Accra, Ghana, West Africa.

15. In September/early October 2016, the exact date unknown, DORPE told E.F. he was in Australia scouting for gold for his jewelry business. In mid-October, the exact date unknown, DORPE claimed to learn that gold prices were better in Ghana. He told E.F. that he was flying from Australia to Ghana and sent a picture of a Caucasian male sitting in an aircraft to E.F. In truth and in fact, that was not true.

16. On or about October 16, 2016, DORPE sent E.F. an alleged picture of himself scouting for gold after arriving in Ghana. In truth and in fact, this was not an actual picture of DORPE.

17. Sometime in October 2016, DORPE told E.F. that he needed $200,000 to purchase gold bars for his business, but that he lacked the funds. DORPE claimed to immediately need $100,000 for a deposit toward the purchase of the gold, with the balance paid in installments. DORPE promised to repay E.F. upon his imminent return to Virginia Beach, which he claimed would coincide with Thanksgiving 2016. In truth and in fact, this was not true.

18. Beginning in late October 2016, E.F. transferred funds in small installments, via wire, to DORPE using Western Union and MoneyGram. E.F. also transferred funds from her personal bank account, located in Chesapeake, Virginia, to an account designated by DORPE located in Accra, Ghana.

19. On or about November 15, 2016, DORPE sent E.F. flowers to her home in Chesapeake, Virginia, claiming that it was for his (DORPE's) birthday. The message accompanying the flowers read, "DO YOU KNOW HOW MUCH I LOVE YOU? I LOVE YOU MORE THAN THE HEAVEN, MORE THAN THE STARS. YOUR BEAUTY IS GREATER THAN ONE THOUSAND RED ROSES. JERRY"

20. In or about mid-November 2016, the exact date unknown, DORPE told E.F. that he needed nice clothes to travel from Ghana to London. E.F. sent DORPE clothes, a watch, and a ring. Specifically, DORPE caused E.F. to purchase and send the following items to him in Ghana:

    a. A pair of Nike Air Max Ltd Sneakers for $120.00 on November 20, 2016

    b. A track jacket for $75.00 on November 20, 2016

    c. New Balance 501 Rediant sneakers for $70.00 on November 20, 2016

    d. Various clothing items from JCPenney for a total purchase price of $164.25 on November 20, 2016

    e. Additional items from Foot Locker for $386.90 on November 20, 2016

    f. Briefs from JCPenney for $55.12 on November 20, 2016

    g. Puma Suede Classic Sneakers for $68.88 on November 23, 2016

    h. Three $50.00 ITunes gift cards for a total purchase price of $150.00 on December 28, 2016

21. E.F. sent the sneakers and other items on or about November 23, 2016, via FedEx International Priority Mail.

22. As the scheme continued, DORPE caused E.F. to feel inadequate for not understanding, from prior conversations, that the initial $100,000 payment that she made in November was only credited toward registering the gold. DORPE still needed an additional $100,000 for the down payment. In truth and in fact, this was not true.

23. Thinking she was paying the outstanding balance needed for the purchase of gold, on December 28, 2016, E.F., via a wire transfer from her bank located in Chesapeake, Virginia, sent $105,000 to an account designated by DORPE located in Accra, Ghana.

24. In January 2017, DORPE told E.F. that he was en route to the United States with the gold and that he was traveling through the United Kingdom. While allegedly in the United Kingdom, DORPE told E.F. that he needed an additional $100,000 for the gold to clear customs and to pay the remaining amount owed on the gold. In truth and in fact, this was not true.

25. On January 5, 2017, E.F. sent $105,000, via a wire transfer from her bank located in Chesapeake, Virginia, to an account designated by DORPE located in the United Kingdom.

26. On some date in late January, 2017, E.F. realized that she had been the victim of fraud. DORPE, who had promised to visit E.F. in the United States following his alleged recovery from Malaria, never materialized.

27. At some point following E.F.'s realization, the exact date being unknown, DORPE initiated a videoconference call with E.F., explaining that she had been communicating with him throughout the duration of their "relationship." DORPE revealed himself to be a thirty-six year-old African man with the tribal name "Yaw." When E.F. asked for proof that she had been communicating with him, "Yaw" left the videoconference and returned wearing the clothes, ring, and watch E.F. had previously sent to DORPE.

28. In furtherance of the scheme, DORPE caused the submission of wire transmissions in interstate commerce.

29. In furtherance of the scheme, DORPE also caused interstate mailings.

## COUNTS ONE THROUGH NINETEEN
(Wire Fraud)

1. Paragraphs 1 through 29 of the General Allegations section of this Indictment are incorporated by reference as though fully set forth herein.

2. On or about the dates listed below, in the Eastern District of Virginia and elsewhere, DORPE, for the purpose of executing the above-described scheme and artifice to defraud and to fraudulently obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, did knowingly transmit and cause to be transmitted, by means of a wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, each transmission being a separate count of this Indictment as indicated:

| Count | Date | Description | Amount |
|---|---|---|---|
| 1 | 10/25/2016 | DORPE caused E.F. to transfer funds via MoneyGram from Virginia to Ghana | $2,999.00 |
| 2 | 10/29/2016 | DORPE caused E.F. to transfer funds via Western Union from Chesapeake, VA to Ghana | $900.00 |
| 3 | 10/31/2016 | DORPE caused E.F. to transfer funds via Western Union from Chesapeake, VA to Ghana | $900.00 |
| 4 | 11/01/2016 | DORPE caused E.F. to transfer funds via Western Union from Chesapeake, VA to Ghana | $900.00 |
| 5 | 11/02/2016 | DORPE caused E.F. to transfer funds from her personal bank account located in Chesapeake, VA to Rove Realty CO, LLC located in Ghana, Africa | $20,000.00 |
| 6 | 11/07/2016 | DORPE caused E.F. to transfer funds via Western Union from Food Lion #1204 in Chesapeake, VA to Ghana | $1,500.00 |
| 7 | 11/07/2016 | DORPE caused E.F. to transfer funds via Western Union from Rite Aid #11255 in Chesapeake, VA to Ghana | $1,500.00 |

| | | | |
|---|---|---|---|
| 8 | 11/07/2016 | DORPE caused E.F. to transfer funds from her personal bank account located in Chesapeake, VA to Rove Realty CO, LLC located in Ghana, Africa | $20,000.00 |
| 9 | 11/08/2016 | DORPE caused E.F. to transfer funds via Western Union from Harris Teeter #176 in Chesapeake, VA to Ghana | $1,500.00 |
| 10 | 11/08/2016 | DORPE caused E.F. to transfer funds via Western Union from Food Lion #642 in Chesapeake, VA to Ghana | $1,500.00 |
| 11 | 11/09/2016 | DORPE caused E.F. to transfer funds via Western Union from Food Lion #1204 in Chesapeake, VA to Ghana | $1,500.00 |
| 12 | 11/09/2016 | DORPE caused E.F. to transfer funds via Western Union from Food Lion #1204 in Chesapeake, VA to Ghana | $1,500.00 |
| 13 | 11/10/2016 | DORPE caused E.F. to transfer funds via Western Union from Chesapeake, VA to Ghana | $1,000.00 |
| 14 | 11/19/2016 | DORPE caused E.F. to transfer funds via Western Union from Chesapeake, VA to Ghana | $2,000.00 |
| 15 | 11/19/2016 | DORPE caused E.F. to transfer funds via Western Union from Chesapeake, VA to Ghana | $2,115.00 |
| 16 | 11/21/2016 | DORPE caused E.F. to transfer funds from her personal bank account located in Chesapeake, VA to Rove Realty CO, LLC located in Ghana, Africa | $40,000.00 |
| 17 | 12/28/2016 | DORPE caused E.F. to transfer funds from her personal bank account located in Chesapeake, VA to Rove Realty CO, LLC located in Ghana, Africa | $105,000.00 |
| 18 | 1/05/2017 | DORPE caused E.F. to transfer funds from her personal bank account located in Chesapeake, VA to Barclay's Bank, located in the United Kingdom | $105,000.00 |
| 19 | 2/07/2017 | DORPE caused E.F. to transfer funds from her personal bank account located in Chesapeake, VA to Stanic Bank located in Ghana, Africa | $3,000.00 |

(All in violation of Title 18, United States Code, Section 1343.)

## COUNTS TWENTY THROUGH TWENTY-ONE
(Mail Fraud)

1. Paragraphs 1 through 29 of the General Allegations section of this Indictment are incorporated by reference as though fully set forth herein.

2. On or about the dates set forth below, in the Eastern District of Virginia and elsewhere, for the purpose of executing the above-described scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, and attempting to do so, the defendant RICHARD YAW DORPE knowingly caused to be delivered by U.S. mail and any private and commercial interstate carrier any matter and thing whatever according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, the following matters:

| Count | Date | Description |
| --- | --- | --- |
| 20 | 10/17/2016 | FedEx International Priority Mail containing a 15-inch MacBook Pro 15, a 64 GB Ultra USB 3.0 Flash Drive, an Apple Watch, a Belkin Apple Watch Screenforce, Applecare for Apple Watch, and Applecare for 15-inch Macbook Pro |
| 21 | 11/23/2016 | FedEx International Priority Mail containing Nike shoes and other clothing items |

(All in violation of Title 18, United States Code, Section 1341.)

## **FORFEITURE**

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1. The defendant, if convicted of any of the violations alleged in this indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

3. The property subject to forfeiture includes, but is not limited to:

    a. A sum of money not less than $312,814 in U.S. currency, representing the amount of proceeds the defendant obtained as a result of the violations alleged herein.

    b. Rove Realtors Co Limited, Account number: 0082060000611 at FBN Ghana Limited (INCEGHACXXX) Meridian House, 233 Accra, Ghana.

    c. Nii Nueh Odonkor, Account number: 0121002235301, Stanic Bank Ghana Limited, Valco Trust House, Accra, Ghana

(Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).)

A TRUE BILL: Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

_____
FOREPERSON

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____
Elizabeth M. Yusi
Assistant United States Attorney