IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:19cr53 |
| | ) | |
| RICHARD YAW DORPE, | ) | |
| | ) | |
| Defendant. | ) | |

## SUPPLEMENTAL POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, by Raj Parekh, Acting United States Attorney, and Elizabeth M. Yusi, Assistant United States Attorney, offers this supplemental position paper regarding the requested 2-level enhancement pursuant to United States Sentencing Guidelines (U.S.S.G. or "Guidelines") § 2B1.1(b)(2)(A)(iii) because the defendant's crime resulted in substantial financial hardship to victim E.F. In support of its position, the government states as follows:

### I. SUMMARY OF THE EVIDENCE

As mentioned in its original position paper, the government will present evidence from the lead case agent at sentencing to support this enhancement. The lead case agent, Federal Bureau of Investigation (FBI) Special Agent Bobby Shearin, is expected to present testimony that will last no longer than 20 minutes. He will discuss his interactions with E.F., her reasons for not wanting to appear at court herself, the financial resources she used to give defendant RICHARD YAW DORPE (DORPE) money, the effect that those resources had on her wellbeing, and the emotional toll this had on E.F. He will also present examples of DORPE's affectionate communications to E.F.

E.F.'s husband died in 2015 of pancreatic cancer.  In his final months, E.F. also suffered a stroke.  As a result of the stroke, E.F. had memory lapses.  In August/September 2016, E.F. opened an account on Ourtime, a dating website for those over 50 years old.  She connected with "Jerry Linus," who she thought was a jeweler by trade and also a widower.  In reality, it was the defendant.  Their online connection quickly became romantic.  They would text using the phone.  DORPE sent E.F. flowers and regaled her with his international trips where he was "scouting for gold" for his business.

DORPE convinced E.F. to send him a new computer, because his had broken, and other items.  Then, he asked E.F. for help to make a $100,000 deposit on $200,000 worth of gold bars.  E.F. wired the money.  DORPE said he would be back to Virginia Beach soon to settle up with her and so they could spend the holidays together.  E.F. thought they were going to get married.

Then, DORPE told E.F. he needed another $100,000 for the gold, as well as clothes to travel in to Virginia.  E.F. sent all of these things to DORPE, including the other $100,000.  However, E.F. did not have $100,000 to give to DORPE, so she cashed out an IRA and had to pay early withdrawal penalties.

E.F. was then contacted by "Michael Kofi," who told her Jerry Linus contracted malaria and was in a hospital in London.  He stated Linus needed another $100,000 to get the gold out of the U.K. to the United States.  E.F. had no more money available, so she took out a $100,000 equity line on her house and wired the money per instruction.

Eventually, DORPE contacted E.F. as himself and admitted he was the one who she was communicating with the entire time.  She knew DORPE was telling the truth; he had the clothes,

ring and watch she sent to Jerry Linus. DORPE continued to contact E.F. for many months after he revealed his true identity. E.F. was still hoping she could recover some of her money.

E.F. has not told her adult children about all of the money she lost. She is concerned they will try to institutionalize her if they knew.

## II. ENHANCEMENT FOR SUBSTANTIAL FINANCIAL HARDSHIP

The Court may find facts relevant to determining a Guidelines enhancement by a preponderance of evidence. *United States v. Grubbs*, 585 F.3d 793, 798 (4th Cir. 2009). Based on the facts described herein and that will be presented at sentencing, the Court should find the 2-level enhancement, pursuant to United States Sentencing Guidelines (U.S.S.G. or "Guidelines") § 2B1.1(b)(2)(A)(iii), is appropriate because the defendant's crime resulted in substantial financial hardship to victim E.F.

U.S.S.G. § 2B1.1(b)(2)(A)(iii) provides for a 2-level enhancement where the defendant's offense "resulted in substantial financial hardship to one or more victims." U.S.S.G. § 2B1.1(b)(2)(A)(iii). Whether a victim has suffered substantial financial harm is not a fixed determination, but rather is relative to that victim's financial situation. *See United States v. George*, 949 F.3d 1181, 1184 (9th Cir. 2020) ("We conclude that section 2B1.1(b)(2) requires the sentencing court to determine whether the victims suffered loss that was significant in light of their individual financial circumstances"); *United States v. Reid*, 742 F. App'x 707, 709 (3d Cir. 2018) (" 'Substantial financial hardship' exists on a sliding scale and must be interpreted subjectively for each victim, not according to some fixed amount" (citing *United States v. Poulson*, 871 F.3d 261, 268 (3d Cir. 2017)); *United States v. Minhas*, 850 F.3d 873, 877 (7th Cir. 2017) ("[W]hether a loss has resulted in a substantial hardship . . . will, in most cases, be gauged

relative to each victim," and "the same dollar harm to one victim may result in a substantial financial hardship, while for another it may be only a minor hiccup."); *United States v. Castenada-Pozo*, 877 F.3d 1249, 1252 (11th Cir. 2017) (nothing that "the inquiry is specific to each victim" and finding that "[a]lthough each victim's pecuniary loss may not seem great, Castaneda-Pozo's actions made his victim in secure in life's basis necessities--housing, electricity, water, and food" and therefore they suffered substantial financial hardship); *United States v. Brandriet*, 840 F.3d 558, 561 (8th Cir. 2016) (finding that the court did not clearly error "when it found that a victim who lost savings, postponed her retirement, and was forced to move suffered substantial financial hardship).

The Guideline commentary supports this conclusion. At Application Note 4(f), the commentary states that the non-exclusive factors to consider include whether the offense resulted in the victim:

> (i) becoming insolvent; (ii) filing for bankruptcy under the Bankruptcy Code (title 11, United States Code); (iii) suffering substantial loss of a retirement, education, or other savings or investment fund; (iv) making substantial changes to his or her employment, such as postponing his or her retirement plans; (v) making substantial changes to his or her living arrangements, such as relocating to a less expensive home; and (vi) suffering substantial harm to his or her ability to obtain credit.

U.S.S.G. § 2B1.1 cmt. n.4(f).

Applying an individualized determination for E.F. based on the law and these factors, it is clear that the enhancement is appropriate because at least one victim suffered substantial financial hardship due to the defendant's fraudulent conduct. Specifically, E.F. emptied all of her retirement savings (the IRA), and now has an additional equity line loan to pay on her house. This was a direct result of DORPE's lies and manipulations.

4

### III. CONCLUSION

For the reasons stated above, the government asks the Court to apply the 2-level enhancement because the defendant caused substantial financial hardship to victim E.F.

                                RAJ PAREKH
                                ACTING UNITED STATES ATTORNEY

By:         /s/
                                Elizabeth M. Yusi
                                VA Bar No. 91982
                                Assistant United States Attorney
                                Attorney for the United States
                                United States Attorney's Office
                                101 West Main Street, Suite 8000
                                Norfolk, VA 23510
                                Office Number: 757-441-6331
                                Facsimile Number: 757-441-6689
                                E-Mail Address: elizabeth.yusi@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of September, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

I certify that on this 7th day of September, 2021, I caused a true and correct copy of the foregoing Position of the Government with Respect to Sentencing Factors to be e-mailed to the following:

                                Kalyn Monreal
                             U.S. Probation Officer

                                          /s/
                                  Elizabeth M. Yusi
                                  Assistant United States Attorney