# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　Case Number:　2:19CR00053-001

RICHARD YAW DORPE,　　　　　USM Number:　24836-509
a/k/a "Jerry Linus" or "Jerry Nils"
　　　Defendant.　　　　　　　　　Defendant's Attorney: Rodolfo Cejas

## JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Count 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of the following count involving the indicated offense.

| **Title and Section** | **Nature of Offense** | **Offense Class** | **Offense Ended** | **Count** |
|---|---|---|---|---|
| T. 18 U.S.C. § 1343 | Wire Fraud | Felony | October 25, 2016 | 1 |

On motion of the United States, the Court has dismissed the remaining counts in the indictment as to defendant RICHARD YAW DORPE.

As pronounced on September 10, 2021, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until the special assessment and restitution imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 13 day of September, 2021.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Arenda L. Wright Allen
　　　　　　　　　　　　　　　　　　　　　　　　Arenda L. Wright Allen
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**Case Number:**           2:19CR00053-001
**Defendant's Name:**      DORPE, RICHARD YAW

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **FORTY (40) MONTHS**.

The Court makes the following recommendations to the Bureau of Prisons:

1) The defendant shall be incarcerated in a facility as close to the Tidewater Virginia area as possible.

2) The defendant shall be incarcerated in a facility with educational and vocational training.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By     _____
DEPUTY UNITED STATES MARSHAL

**Case Number:**       2:19CR00053-001
**Defendant's Name:**  DORPE, RICHARD YAW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 2:19-cr-00053-AWA-RJK Document 41 Filed 09/13/21 Page 4 of 6 PageID# 170
AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  
Sheet 3A – Supervised Release

Page 4 of 6

**Case Number:** 2:19CR00053-001  
**Defendant's Name:** DORPE, RICHARD YAW

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) As a condition of supervised release, upon completion of the term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official of the Department of Homeland Security United States Immigration and Customs Enforcement for a deportation review in accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. Section 1101, et seq.

2) The defendant shall pay for the support of his child in the amount ordered by any social service agency or court of competent jurisdiction, and shall register with the Department of Child Support Enforcement in any state in which he resides.

3) The defendant is prohibited from engaging in any employment where he has access to money or bank accounts and shall not be employed in any capacity involving investments.

4) The defendant shall not engage in spamming, phishing, or email bombing.

5) The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains, to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the court, upon the recommendation of the probation officer.

6) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

7) The defendant shall provide the probation officer access to any requested financial information.

8) The defendant shall participate in the Treasury Offset Program (TOP) as directed by the probation officer.

**Case Number:** 2:19CR00053-001  
**Defendant's Name:** DORPE, RICHARD YAW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Count | Assessment | Fine | Restitution |
|---|---|---|---|---|
| | 1 | $100.00 | $0.00 | $329,736.57 |
| | | $0.00 | $0.00 | $0.00 |
| **TOTALS:** | | **$100.00** | **$0.00** | **$329,736.57** |

# FINES

No fines have been imposed in this case.

# RESTITUTION

SEE RESTITUTION ORDER ENTERED AND FILED ON SEPTEMBER 10, 2021

The Court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived for the restitution.

**Case Number:** 2:19CR00053-001  
**Defendant's Name:** DORPE, RICHARD YAW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment and restitution are due and payable immediately. Any balance remaining unpaid on the special assessment and restitution at the inception of supervision, shall be paid by the defendant in installments of not less than $<u>100.00</u> per month, until paid in full. Said payments shall commence 60 days after defendant's supervision begins.

Since this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Any special assessment or restitution payments may be subject to penalties for default and delinquency.

Nothing in the court's order shall prohibit the collection of any judgment by the United States.